IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| TRANS WORLD AIRLINES, INC., et al., | ) | |
| | ) | |
| Debtors. | ) | Case No. 01-56-PJW |
| | ) | |
| | ) | |
| AMERICAN AIRLINES, INC., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civ. No. 04-234-SLR |
| | ) | |
| ELIZABETH A.M. ROBINSON, | ) | |
| | ) | |
| Appellee. | ) | |

**O R D E R**

At Wilmington this 28th day of March, 2005, having reviewed the appeal filed by American Airlines, Inc., as well as the papers submitted in connection therewith;

IT IS ORDERED that the appeal is denied and the February 27, 2004 order of the bankruptcy court is affirmed, for the reasons stated below:

1. **Standard of review.** This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy

court's findings of fact and a plenary standard to that court's legal conclusions. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a de novo basis bankruptcy court opinions. In re Hechinger, 298 F.3d 219, 224 (3d Cir. 2002); In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

2. **Question presented.** Did the bankruptcy court err when it held that appellant American Airlines assumed the obligation to pay appellee benefits under the Federal Longshoremen's and Harbor Worker's Act ("the Longshoremen's Act")?

3. **Analysis.** The bankruptcy court committed no error in its holding. The bankruptcy court developed and reviewed a full and complete record of the transactions in dispute. As to

2

the issue of whether American assumed the obligation in the first instance, the bankruptcy court concluded that American, through the asset purchase agreement ("APA") entered into with TWA, assumed the workers' compensation obligations reflected in the records of TWA.   The records of TWA reflected payments made to appellee in an account captioned "accrued worker's compensation." The court concluded that American assumed all the obligations falling under the general definition of worker's compensation in that account document.   Because the obligation to appellee was listed in that account document (despite that fact that appellee was being paid under the Longshoremen's Act rather than under the Worker's Compensation laws of the State of New York), the obligation was assumed by American.[1]   The bankruptcy court further concluded that the settlement agreement of December 2, 2002 between appellee and TWA did not have the effect of releasing American from its obligation to appellee.   The bankruptcy court reasoned, inter alia, that American assumed the obligation to pay appellee benefits in April 2001, when the APA became effective.   The settlement agreement was entered

---

[1]An amended collective bargaining agreement entered into in 1992 provided that permanently disabled employees were not entitled to benefits under the Longshoremen's Act.   The bankruptcy court found that TWA had in its possession at all relevant times the decision of the New York Workers' Compensation Board identifying appellee's work-related injury as resulting in a "permanent" disability, but continued to pay appellee benefits under the Longshoremen's Act.

3

subsequently between TWA and appellee and did not reference American or any successor entities of TWA's.  Therefore, American was not a party to nor a beneficiary of said agreement.  I find no error in this reasoning.

IT IS FURTHER ORDERED that appellant's motions to strike (D.I. 14, 17) and appellee's motion for sanctions (D.I. 20) are denied as moot.

United States District Judge

4