IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> TRANS WORLD AIRLINES, INC., et al., <br><br> Debtors. | Chapter 11 <br><br> Case No. 01-00056 (PJW) <br><br> Jointly Administered |
| AMERICAN AIRLINES, INC., <br><br> Appellant, <br><br> v. <br><br> ELIZABETH A.M. ROBINSON, <br><br> Appellee. | <br><br><br><br> C.A. No. 04-CV-234 (SLR) |

**AMERICAN AIRLINES, INC.'S DESIGNATION OF ITEMS
TO BE INCLUDED IN RECORD ON APPEAL OF DISTRICT
COURT 'ORDER' AFFIRMING BANKRUPTCY COURT 'ORDER
GRANTING MOTION TO COMPEL AMERICAN AIRLINES TO
CONTINUE PAYING ELIZABETH ROBINSON HER TWA WORKERS'
COMPENSATION BENEFITS' AND STATEMENT OF ISSUES ON APPEAL**

I.    **Designation of the Record**

Pursuant to 28 U.S.C. § 158(d) and Fed. R. App. P. 6(b)(2)(B), American Airlines, Inc. ("American"), by and through its undersigned counsel, hereby submits the following designation of items to be included in the record on appeal and statement of issues to be presented on its appeal from the final order [District Docket No. 26] of the United States District Court for the District of Delaware (Robinson, J.), dated March 28, 2005, affirming the February 27, 2004 order of the United States Bankruptcy Court for the District of Delaware, granting the Motion to Compel American Airlines to Continue

Paying Elizabeth Robinson Her TWA Workers' Compensation Benefits [Bankr. Docket No. 4706] compelling American to pay Ms. Elizabeth A.M. Robinson certain benefits under the Federal Longshoremen's and Harbor Workers' Act (the "Longshoremen's Act"):

1. Motion to Compel American Airlines to Continue Paying Elizabeth Robinson Her TWA Workers' Compensation Benefits [Bankr. Docket No. 4706];

2. Objection of American Airlines, Inc. and Its Affiliates to Motion of Elizabeth A.M. Robinson Seeking to Compel American Airlines to Continue Paying Her Certain TWA Workers' Compensation Benefits [Bankr. Docket No. 4744];

3. Response to the Objection of American Airlines, Inc. Re: Certain Workers' Compensation Benefits [Bankr. Docket No. 4755];

4. Transcript from May 8, 2003 Hearing [Bankr. Docket No. 4949];

5. Letter from Elizabeth Robinson Regarding Documents Requested by the Court to Provide Evidence that the Disability Benefit Payments of Longshoremen's and Harbor Workers' Disability Act Were Grandfathered and Paid by TWA after 1992 [Bankr. Docket No. 4779];

6. Supplemental Objection of American Airlines, Inc. to Motion of Elizabeth A.M. Robinson Seeking to Compel American Airlines to Continue Paying Her Certain TWA Workers' Compensation Benefits [Bankr. Docket No. 4937];

7. Reply to Supplemental Objection of American Airlines to Motion to Compel American Airlines to Continue Paying Elizabeth Robinson Her TWA Workers' Compensation Benefits [Bankr. Docket No. 4987];

8. Transcript from July 7, 2003 Hearing [Bankr. Docket No. 4997];

9. Elizabeth Robinson, Pro Se, Motion Addendum for American Airlines, Inc. to Continue Payments of Longshoremen's and Harbor Workers' Compensation Act Disability Benefits From April 2001 Onwards [attachment A to Bankr. Docket No. 5112];

10. Transcript from October 14, 2003 Hearing [Bankr. Docket No. 5128];

11. Trial Exhibits Admitted Into Evidence at October 14, 2003 Hearing;

12. Post-Trial Memorandum of American Airlines, Inc. In Opposition to Motion of Elizabeth A.M. Robinson Seeking to Compel American Airlines to Continue Paying Her Certain TWA Workers' Compensation Benefits [Bankr. Docket No. 5131];

13. Amended Post-Trial Memorandum of American Airlines, Inc. In Opposition to Motion of Elizabeth A.M. Robinson Seeking to Compel American Airlines to Continue Paying Her Certain TWA Workers' Compensation Benefits [Bankr. Docket No. 5139];

14. Response of Elizabeth Robinson, Pro Se to: Amended Post-Trial Memorandum of American Airlines, Inc. In Opposition to Motion of Elizabeth A.M. Robinson Seeking to Compel American Airlines to Continue Paying Her Certain TWA Workers' Compensation Benefits [Bankr. Docket No. 5182];

15. Post-Trial Reply Memorandum In Opposition to Motion of Elizabeth A.M. Robinson Seeking to Compel American Airlines to Continue Paying Her Certain TWA Workers' Compensation Benefits [Bankr. Docket No. 5208];

16. Letter Opinion of Judge Walsh, dated February 27, 2004 [Bankr. Docket No. 5245];

17. Order Granting Motion to Compel American Airlines to Continue Paying Elizabeth Robinson Her TWA Workers' Compensation Benefits [Bankr. Docket No. 5246];

18. American Airlines, Inc.'s Designation of Items to be Included in Record on Appeal of "Order Granting Motion to Compel American Airlines to Continue Paying Elizabeth Robinson Her TWA Workers' Compensation Benefits" and Statement of Issues on Appeal, entered March 5, 2004 [Bankr. Docket No. 5254];

19. Appellant's Opening Brief, dated April 30, 2004 [District Docket No. 7];

20. Appendix I to Appellant's Opening Brief, dated April 30, 2004 [District Docket No. 8];

21. Appendix II to Appellant's Opening Brief, dated April 30, 2004 [District Docket No. 9];

22. Appellee's Brief, entered May 17, 2004 [District Docket No. 12];

23. Appellant's Reply Brief, dated May 27, 2004 and entered June 1, 2004 [District Docket No. 13];

24. Appellant's Motion to Strike Portions of Appellee's Answering Brief Addressing Issues Not Properly Raised in An Appeal or Cross-Appeal, dated June 4, 2004 [District Docket No. 14];

25. Appellee's Reply Brief, entered June 14, 2004 [District Docket No. 15];

26. Appellee's Answering Brief to Motion to Strike Portions of Appellee's Answering Brief Addressing Issues Not Properly Raised in An Appeal or Cross-Appeal, entered June 16, 2004 [District Docket No. 16];

27. Appellant's Motion to Strike Appellee's "Reply Brief," dated June 22, 2004 [District Docket No. 17];

28. Order, dated March 28, 2005 [District Docket No. 26]; and

29. Notice of Appeal, dated April 20, 2005, filed by American [District Docket No. 27].

II. **Statement of Issues on Appeal**

In accordance with Fed. R. App. P. 6(b)(2)(B), American hereby states that it intends to present the following issues on appeal:

1. Whether the Bankruptcy Court erred in finding that Trans World Airlines, Inc. ("TWA"), or any entity that succeeded to its obligations or liabilities, had an obligation to provide Ms. Robinson with Longshoremen's Act benefits after August 13, 1992;

2. Whether the Bankruptcy Court erred in finding that any obligation of TWA to provide Ms. Robinson with Longshoremen's Act benefits had been assumed and assigned to American under the terms of that certain Asset Purchase Agreement, whereby

American purchased substantially all of the assets of TWA and its affiliated entities; and

3. Whether the Bankruptcy Court erred in finding that any obligation of TWA and/or American to provide Ms Robinson with Longshoremen's Act benefits on a going forward basis was not released by that certain Settlement Agreement, dated December 12, 2002.

4. Whether the District Court erred in affirming the February 27, 2004 order of the United States Bankruptcy Court for the District of Delaware, granting the Motion to Compel American Airlines to Continue Paying Elizabeth Robinson Her TWA Workers' Compensation Benefits [Bankr Docket No. 4706].

Dated: April 29, 2005
Wilmington, Delaware

*/s/ Jason M. Madron*

Mark D. Collins (No 2981)
Russell C. Silberglied (No 3462)
Michael J. Merchant (No 3854)
Jason M. Madron (No 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

*Counsel for Appellant, American Airlines, Inc.*