IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> TRANS WORLD AIRLINES, INC., et al., <br><br> Debtors. | Chapter 11 <br><br> Case No. 01-00056 (PJW) <br><br> Jointly Administered |
| AMERICAN AIRLINES, INC., <br><br> Appellant, <br><br> v. <br><br> ELIZABETH A.M. ROBINSON, <br><br> Appellee. | C.A. No. 04-CV-234 (SLR) |

**APPELLANT AMERICAN AIRLINES, INC.'S RESPONSE
TO APPELLEE'S MOTION FOR REIMBURSEMENT
OF COSTS AND ATTORNEYS' FEES**

Appellant American Airlines, Inc. ("American") hereby responds to "Appellee's Motion to Have Her Costs, Expenses, Etc. Reimbursed Since She Prevailed in the Above Matter" (the " Motion"), filed by Appellee Elizabeth A.M. Robinson ("Ms. Robinson") and respectfully states as follows:

### INTRODUCTION

On March 28, 2005, this Court affirmed the decision of the United States Bankruptcy Court for the District of Delaware requiring American to pay Ms. Robinson monthly benefits under the Federal Longshoremen's and Harbor Worker's Act. On April 20, 2005, American timely appealed this Court's ruling to the Third Circuit.

On April 22, 2005, Ms. Robinson filed her Motion seeking the reimbursement of certain costs and "attorneys' fees" allegedly incurred in connection with the appeal. As a preliminary matter, Ms. Robinson's motion should be denied as having been filed prematurely. The Motion, while not expressly so stating, could only be premised on a claim to recover costs and "attorneys fees" as the prevailing party under Fed. R. Civ. P. 54(d). As the matter is currently under appeal to the Third Circuit, there is no certainty that Ms. Robinson will be the prevailing party at the end of the day. Alternatively, American requests that any determination on the motion be delayed until after the appeal has been decided.

Ms. Robinson's request for the payment of attorneys' fees should be denied on the merits. Under the "American Rule" on attorney's fees, a party may be required to pay attorneys' fees only where such an award is authorized by contract, statute or equitable grounds establishing an exception to the rule. There is no such exception in this case. Further, even in instances where exceptions to the "American Rule" exist, the Third Circuit has repeatedly refused to award attorneys' fees to non-lawyer *pro se* litigants, such as Ms. Robinson.

Ms. Robinson's request for the reimbursement for costs should likewise be denied, as she has failed to provide any evidentiary support for the costs requested. Further, a District Court may not award a litigant costs other than the types set forth in 28 U.S.C. § 1920. Thus, at a minimum, Ms. Robinson's request for costs relating to postage and telephone charges should be denied.

# ARGUMENT

### A. Appellant's Request for the Payment of Costs and Attorneys' Fees Should Be Denied as Premature.

1. As an initial matter, Ms. Robinson's request for the payment of costs and attorneys' fees should be denied as premature. While Ms. Robinson has not cited to any authority in support of the relief requested in her Motion, American assumes that she is moving for such relief under Fed. R. Civ. P. 54(d). The relevant provisions of Fed. R. Civ. P. 54(d) are as follows:

> (d) **Costs; Attorneys' Fees.**
>
> (1) **Costs Other than Attorneys' Fees.** Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; buts costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the Court.
>
> (2) **Attorneys' Fees.**
>
> (A) Claims for attorneys' fees and related non-taxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.
>
> (B) Unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

Fed. R. Civ. P. 54(d)(1), (2)(A)-(B).

2.  Ms. Robinson asserts that she is entitled to the reimbursement of certain costs and attorneys' fees as the prevailing party at the District Court level. While this Court did affirm the Bankruptcy Court's ruling, the matter is currently on appeal to the Third Circuit. In the event that the Third Circuit overturns this Court's decision on appeal, Ms. Robinson would no longer be the "prevailing party" for purposes of Fed. R. Civ. P. 54(d). As such, any costs and/or fees paid to Ms. Robinson would be subject to disgorgement. Accordingly, American requests that the Motion be denied as premature or, alternatively, that any determination on the Motion be delayed until after the appeal has been decided. See Lorenz v. Valley Forge Ins. Co., 23 F.3d 1259, 1260-61 (7th Cir. 1994) (delaying determination on motion for costs until after appeal had been dismissed).

**B.  Appellant Is Not Entitled to the Payment of Attorneys' Fees Under Applicable Law.**

3.  While Fed. R. Civ. P. 54(d)(2) establishes a procedure for asserting a right to attorneys' fees, it does not establish a rule of decision. See Abrams v. Lightolier, 50 F.3d 1204, 1223 (3d Cir. 1995). In fact, the "American Rule" on attorneys' fees generally prohibits a party from recovery attorneys' fees in federal court. Under the American Rule, a party may be required to pay attorneys' fees only when an award of attorneys' fees is authorized by contract, statute or equitable grounds constituting an exception to the rule. See Alyeska Pipeline Ser. Co. v. Wilderness Society, 421 U.S. 240, 241-67 (1975). American is under no statutory or contractual obligation to pay Ms. Robinson's attorneys fees. Additionally, Ms. Robinson has not pled any facts that would support awarding her attorneys' fees on equitable grounds under any of the well-settled exceptions to the "American Rule."

4. Further, even in instances where a statutory right to attorneys' fees exists, the Third Circuit has repeatedly refused to award attorneys' fees to *pro se* litigants. See Cunningham v. F.B.I., 664 F.2d 383 (3d Cir. 1981) (holding that "non-lawyer *pro se* litigants may not be awarded attorney fees under the Freedom of Information Act for services they provide to themselves."); Pitts v. Vaughn, 679 F.2d 311 (3d Cir. 1982) (holding that non-lawyer *pro se* litigant was not entitled to attorneys' fees under 42 U.S.C. § 1988). Thus, the fact that Ms. Robinson represented herself *pro se* provides yet another basis for denying her request for attorneys' fees.

5. Finally, Fed. R. Civ. P. 54(d)(2)(B) requires that a prevailing party file its request for attorneys' fees "no later than 14 days after entry of judgment." The District Court's order affirming the Bankruptcy Court's decision was entered on March 28, 2005. Ms. Robinson's Motion was not filed and served until April 22, 2005 -- well beyond the 14 day deadline established by Fed. R. Civ. P. 54(d)(2)(B). On this basis alone, Ms. Robinson's request for attorneys' fees should be denied.

C. **Appellant's Request for the Reimbursement of Costs Is Unsupported and Seeks Costs Outside the Scope of 28 U.S.C. § 1920.**

6. The term "costs", as used in Fed. R. Civ. P. 54(d)(1), is a term of art that refers only to those specific expenses that may be taxed to a losing party under 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-45 (1997). A District Court may not award costs other than the types set forth in 28 U.S.C. § 1920 without explicit statutory authorization. See id.

7. In her Motion, Ms. Robinson seeks reimbursement for the following costs: (i) $129.55 for postage, (ii) $482.25 for covers, binding spools and "machine use" relating to her various pleadings, (iii) $5.50 for copies of other documents,

(iv) $57.50 for stationary, (v) $185.73 for computer and fax ink and (vi) $250.00 for telephone calls. Ms. Robinson's request should be denied in its entirety, as she has failed to provide any evidentiary support for such costs. Further, only those costs relating to printing and copying are even arguably recoverable under 28 U.S.C. § 1920. Thus, at a minimum, this would exclude any request by Ms. Robinson for postage and telephone charges.

## CONCLUSION

WHEREFORE, American respectfully requests that Ms. Robinson's Motion be denied for the reasons discussed above or, alternatively, that any determination on the Motion be delayed until after the appeal of this Court's order has been decided by the Third Circuit.

Dated: May 3, 2005
Wilmington, Delaware

Respectfully submitted,

_____
Mark D. Collins (No. 2981)
Russell C. Silberglied (No. 3462)
Michael J. Merchant (No. 3854)
Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700
Fax:          (302) 651-7701

ATTORNEYS FOR APPELLANT
AMERICAN AIRLINES, INC.