IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRANS WORLD AIRLINES, INC., et al.,<br><br>Debtors | Chapter 11<br><br>Case No. 01-00056 (PJW) |
| AMERICAN AIRLINES, INC.,<br><br>          Appellant,<br>V.<br><br>ELIZABETH A. M. ROBINSON,<br>          *PRO SE*<br>          Appellee | C.A. No. 04-CV-234 (SLR) |

### APPELLEE'S ANSWER TO AMERICAN AIRLINES, INC. RESPONSE TO APPELLEE'S MOTION FOR REIMBURSEMENT OF COSTS AND ATTORNEY FEES

ELIZABETH A. M. ROBINSON, *PRO SE*, PLAINTIFF, COMES now in reply to American Airlines, inc ("AA") response:

By no stretch of the imagination is AA a part of the Government of the United States of America yet it cites its cases as to where the Government is concerned. It is a well established fact that the rules pertaining to the government are not the same, nor do they pertain in any way to ordinary citizens or corporations, therefore, AA's citations are irrelevant.

AA asks this Court to extend the time period of reimbursement until after the Third Circuit Court of Appeals has made its determination. The Third Circuit Court of Appeals

E. ROBINSON
POB 104
DIX HILLS
NY 11746-0086
TEL. (631) 549 8951
AND
31 LAKE PARK CIRCLE
ORMOND BEACH
FL 32174

generally only allows for fees and expenses to be repaid for appeals made in that Court. . **Rules 7054 and 8014** allow for costs to be reimbursed. "... ***Ordered by the District Court ... Costs shall be taxed against the losing party on an appeal***". However, there is an objection to AA's filing an Appeal on record and awaiting determination. There are numerous reasons cited for the dismissal of the appeal. In cases where one party has deliberately prolonged the length of the trial, costs for attorney fees can be applied against that party to the prevailing party. Title 28 §1927

AA continues to deliberately stretch out the case as it did in the lower court and is now doing it again in this Court, and, moreover, now asks that this Court be a partner in this unjust prolonging of action, even to the point of requesting that this Court delay recompense until after a determination is made by the Third Circuit Court of Appeals, which may possibly not even occur. AA will do anything to prevent paying out one cent to Elizabeth Robinson, Pro Se, Appellee, and would prefer to spend the money which it owes, and has acknowledged in Court that it owes to her, making endless motions and arguments to avoid providing said payments, costs and reimbursements. Therefore, in accordance with **Title 28 §1927,** Appellee is entitled to attorney fees.

> *§ 1927. Counsel's liability for excessive costs*
>
> ***Any attorney admitted to conduct cases in any court of the United States*** *or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may* ***be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees*** *reasonably incurred because of such conduct.*

There can be no argument as to whether briefs and responses were filed by Elizabeth Robinson, pro se, since **the record is the proof.** No proof of costs of copying can be provided as

E. ROBINSON
POB 104
DIX HILLS
NY 11746-0086
TEL. (631) 549 8951
AND
31 LAKE PARK CIRCLE
ORMOND BEACH
FL 32174

they were done, in a public machine which does not provide a receipt. If the Court wishes copies of the postage, they can be provided. All of the costs have been enumerated in the best detail that Pro Se Appellee was able to provide.

Pro Se Appellee was not aware of any time limits that should be adhered to in order to receive remuneration and other costs thus she earnestly begs the Court for an enlargement of time, if necessary, since it was only a few days late, in order for the filing time to have been fulfilled by order of this Court.

**Rule 54. Judgments; Costs**

(A) *Claims for attorneys' fees and related nontaxable expenses shall be made by motion.*
(B) *Unless otherwise provided by the court, the motion must be filed and served no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought.*

WHEREFORE This Court is earnestly requested to allow Elizabeth Robinson, Pro Se, Plaintiff, Appellee, an enlargement of time so as to permit her motion for legal fees and any, and all, costs, fees, expenses, and other disbursements be provided to her, without delay, and any other remuneration or award that this Court deems to be just, proper, fair or equitable.

Respectfully submitted,

*/s/ E.A.M. Robinson*

Elizabeth A.M. Robinson, *Pro Se*, Plaintiff, Appellee

DATED: May 9, 2005

E. ROBINSON
POB 104
DIX HILLS
NY 11746-0086
TEL. (631) 549 8951
AND
31 LAKE PARK CIRCLE
ORMOND BEACH
FL 32174

# CERTIFICATE OF SERVICE

I, James Evans, do hereby certify that on May 9, 2005 I caused copies of the:

*Appellee's Answer to American Airlines, Inc. Response to Appellee's Motion for Reimbursement of Costs and Attorney Fees*

to be served by mail, upon the attorneys for American Airlines, Inc., Richards Layton and Finger, P.A., One Rodney Square, P.O. Box 551, Wilmington, DE 19899.

---

James Evans



ELIZABETH ROBINSON
POB 104
DIX HILLS
NY 11746-0086

COURT CLERK
US DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
844 NORTH KING STREET
WILMINGTON
DE 19801